**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

   v.       Criminal No. 10-mj-047-01-LM

Fermin Pineda


**ORDER OF DETENTION PENDING TRIAL**

   In this case the defendant is charged by complaint with the crime of Conspiracy to Forge Endorsements on United States Treasury Checks, in violation of 18 U.S.C. §§ 371 & 510.  On June 8, 2010, at the defendant's initial appearance on the complaint, defendant stipulated to detention without prejudice to his right to request a future hearing.  Per the defendant's request, the court scheduled a detention hearing which took place on August 23, 2010.  Following the hearing, the court issued its findings orally from the bench. Those oral findings are incorporated herein.

   Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2)]."

1

United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  In this case,
the government invoked § 3142(f)(2)(A) and (B), alleging that if
defendant is not detained, there exists a serious risk that defendant
will flee or obstruct justice (or attempt to obstruct justice).

Pursuant to Section 3142(f), the court must determine whether
any condition or combination of conditions set forth in subsection
(c) will reasonably assure the appearance of the defendant ("risk
of flight") and the safety of any other person and the safety of the
community ("dangerousness"). 18 U.S.C. § 3142(f); United States v.
Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this
determination, the court must consider the following: (1) the nature
and circumstances of the offense charged; (2) the weight of the
evidence as to guilt; (3) the history and characteristics of the
accused, including family ties, past history, financial resources
and employment; and (4) the nature and seriousness of the danger to
any person or the community that would be posed by a release.  18
U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C.
§ 3142, the government has the burden of persuading the court that
no condition or combination of conditions will reasonably assure (1)
the defendant's presence at trial, United States v. Perez-Franco, 839

2

F.2d 867, 870 (1st Cir. 1988), or (2) the safety of another or the community.  Patriarca, 948 F.2d at 793.  For its part, the government is required to offer a preponderance of the evidence to prove risk of flight and clear and convincing evidence to establish dangerousness.  See Patriarca, 948 F.2d at 792-93.

In this case, the government concedes that defendant's release would not pose a danger to the community.  The government urges instead that, if released, the defendant would pose a serious risk of fight.  For the reasons stated on the record, and after considering the factors set forth in 18 U.S.C. § 3142(g), the court finds that the government has met its burden to establish that there are no conditions or combination of conditions that can reasonably assure the defendant's presence at trial.

As stated more fully on the record, I find that even the imposition of restrictive conditions, such as home confinement with electronic monitoring, would not reasonably assure the defendant's appearance.  What follows is a summary of my findings and reasons:

- Defendant is a citizen of the Dominican Republic and has significant ties to that country, including his father and seven siblings, all of whom still reside there.

- Defendant has lived in the United States for only the past seven years.

- Defendant has a four-year-old daughter, with whom he has a close relationship, who resides in Lowell, Massachusetts, with her mother, Lisa Silva.  Ms. Silva testified at the hearing about defendant's close relationship to his daughter.  While the testimony showed that defendant has a close relationship with this child, the evidence also showed that defendant has another child, who is six years old and lives with her mother in Puerto Rico.  No testimony was offered to show that defendant has a close relationship with this six-year-old child in Puerto Rico.  During his interview with the pretrial services officers, defendant indicated that he may have yet another child with a different woman.  The court was unimpressed by defendant's lack of commitment to the mother of his children.  This lack of commitment added to the overall impression that defendant is committed more to himself than any child that he has fathered.

- Ms. Silva offered to act as a third party custodian of defendant.  Ms. Silva conceded, however, that she would not be present in the residence for most of the day, as she has a full-time job.

- While the court was impressed with Ms. Silva's sincerity, the court was concerned about her ability to report the defendant to the court in the event of bail violation -- due to her obvious interest in reuniting with the defendant and reestablishing a close relationship with him.

- Defendant lived with his daughter and Ms. Silva for the first two years of his daughter's life.  However, for the years prior to defendant's arrest, defendant chose not to live with his daughter.  Defendant told the pretrial services officer -- something to the effect -- that he "preferred to be single."

- Defendant was receiving unemployment compensation at the time of his arrest.  Defendant's work history was not steady; rather he tended to work sporadically.

- Defendant was arrested for a crime involving identity fraud.  The weight of the evidence against the defendant

is strong.

- At the time of his arrest, defendant had $10,000 in cash in his car -- despite receiving unemployment compensation.

- If convicted of the charged crime, defendant faces the likelihood of deportation.

- The pretrial services report coupled with the government's proffer at the detention hearing provided sufficient evidence that defendant is a serious risk of flight.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall

deliver the defendant to the United States Marshal for the purpose
of an appearance in connection with a court proceeding.

     **SO ORDERED**.

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  August 25, 2010

cc:  Arnold H. Huftalen, Esq.
     William R. Sullivan, Jr., Esq.
     U.S. Marshal
     U.S. Probation